**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BILLY W. RHOADES                                                                                          PLAINTIFF

v.                                              No. 3:10CV0249 JLH

JOHN BRADLEY,
Mississippi County Public Defender, et al.                                                      DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, Billy W. Rhoades, who is a prisoner in the Mississippi County Regional Detention Center, has filed a *pro se* § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case will be dismissed for failing to state a claim upon which relief may be granted.[1]

### I. Discussion

**A.    Defendant Langston**

In his Complaint and Addendum, Plaintiff alleges that Defendant Blytheville District Court Judge Shannon Langston violated his constitutional rights by conducting a bond hearing, without his attorney being present, and setting an excessively high bail. *See* docket entries #2 and #3.

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

It is well settled that: "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994); *see also Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997). Importantly, this rule applies even if a judge acts in error, with malice, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Clearly, Defendant Langston was performing judicial functions when she held a bond hearing and set Plaintiff's bail. Accordingly, Plaintiff's claims against her are dismissed, with prejudice

**B.     Defendant Bradley**

Plaintiff alleges that Defendant Mississippi County Public Defender John Bradley violated his constitutional rights by not adequately representing him and coercing him into entering a guilty plea to the unspecified criminal charges that were pending against him im Mississippi County. *See* docket entries #2 and #3.

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Thus, a prisoner cannot bring a § 1983 claim against a public defender for the alleged ineffective assistance of counsel in his criminal proceeding. *See Watson v. Clover*, Case No. 04-1124, 2004 WL 1541821 (8th Cir. July 12, 2004) (unpublished opinion) (dismissing a § 1983 claim against a public defender because he was not a state actor; *Davis v. Blount*, Case No. 03-2581, 2003 WL 21999064 (8th Cir. Aug. 25, 2003) (unpublished opinion) (same). Accordingly, Plaintiff's claims against Defendant Bradley are dismissed, with prejudice.[2]

---

[2] If Plaintiff believes he was denied adequate representation in his state criminal proceedings, he must fully and properly exhaust his available remedies in state court. *See* 28 U.S.C. § 2254(b)(1). If he does not prevail in state court, he may then file a federal habeas petition. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### C.     **Defendant Bray**

Although it is unclear, it appears that Plaintiff is alleging that Defendant Mississippi County Clerk Donna Bray violated his right to access the courts when she failed to provide him with a copy of a *pro se* Motion for Discovery that he attempted to file in his criminal proceedings.  *See* docket entry #2 and #3.

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969).  However, to proceed with an access to the courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim."  *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)).  In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

Plaintiff has not explained how he was actually injured by Defendant Bray's alleged failure to provide him with a copy of his *pro se* Motion for Discovery.  More importantly, in *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007), the Court held that a prisoner failed to state a valid denial of access to the courts claim because he was represented by counsel in his state criminal proceedings, and thus,  had a "reasonably adequate opportunity to present his claimed violations of fundamental constitutional rights to the courts." As in *Entzi*, Plaintiff was represented by counsel in his state criminal proceedings. Thus, Defendant Bradley is dismissed, without prejudice, because Plaintiff has failed to state a viable claim against her.

**D.    Defendant McGuire**

Plaintiff listed Defendant Mississippi County Judge Steven McGuire in the caption of his Complaint. *See* docket entry #2. However, he did not raise a single factual allegation against Defendant McGuire in his Complaint or Addendum. *See* docket entries #2 and #3; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face"). Thus, Defendant McGuire is dismissed, without prejudice, because Plaintiff has failed to state a viable claim against him.

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Pursuant to the screening function mandated by 28 U.S.C. §1915A: (a) Plaintiff's claims against Defendants Langston and Bradley are DISMISSED, WITH PREJUDICE; and (b) his claims against Defendants Bray and McGuire are DISMISSED, WITHOUT PREJUDICE.

2.    The dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g), because Plaintiff has failed to state a claim upon which relief may be granted.

3.    The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of November, 2010.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE